# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL LEROY KLEINHELTER ) | |
| PAMELA FAYE KLEINHELTER ) | CASE NO. 06-32407(1)(13) |
| ) | |
| Debtor(s) ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Disallow Claim filed by Trustee William W. Lawrence ("Trustee") on Claims No. 12, 13, 14 and 15 of Debtors Michael L. Kleinhelter and Pamela F. Kleinhelter ("Debtors"). The Court considered the Motion of the Trustee, the Objection to Motion to Disallow Claim for Vagueness of the Debtors and the comments of counsel for the Trustee and the Debtors at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Trustee's Motion.

## PROCEDURAL BACKGROUND

On or about September 13, 2006, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. While Debtors were originally represented by counsel, Henry Burt, in March of 2007 an Order was entered allowing Mr. Burt to withdraw from the case as Debtors' counsel. Debtors have been *pro se* since that time.

Debtors listed two secured claims in their Petition: one by Americredit for $8,220 and one by GMAC for $130,000. In the Schedule of Allowed Claims, Debtors listed a claim by Michael Kleinhelter in the amount of zero and one for Pamela Kleinhelter in the amount of zero.

On July 11, 2007, Debtors filed Claim No. 12 on behalf of Michael Kleinhelter in the amount of $200,000, Claim No. 13 on behalf of Pamela Kleinhelter in the amount of $200,000, Claim No.

14 on behalf of Michael Kleinhelter for $2,000 and Claim No. 15 on behalf of Pamela Kleinhelter in the amount of $2,000. Each Proof of Claim was filed as a secured claim. Each Proof of Claim has a UCC Financing Statement attached to the claim listing the Debtors as the debtor to the Financing Statement and as the secured party on the Financing Statement.

On March 12, 2007, the Trustee filed two Motions to allow the claim of Michael Kleinhelter in the amount of $200,000 and one to allow the claim of Pamela Kleinhelter in the amount of $200,000. The Orders granting these unopposed motions were entered on April 3, 2007.

On July 16, 2007, the Trustee filed his Motion to Disallow Claims No. 12, 13, 14 and 15 filed by Debtors has having no basis in law or fact.

## LEGAL ANALYSIS

In this case, the Debtors filed four Proofs of Claim in which they assert secured claims against themselves. The Proofs of Claim list the basis for the claim as a "UCC Financing Statement." Indeed, attached to each Proof of Claim is a UCC Financing Statement filed with the Kentucky Secretary of State. The UCC Financing Statement states, "... that all of Debtor's interest now owned or hereafter acquired is hereby accepted as collateral for securing contractual obligation in favor of the Secured Party as detailed in a true, complete notarized Security Agreement in possession of the Secured Party." Nothing in the record provides any detail as to this contractual obligation, nor is there a copy of the Security Agreement in the record. The Court cannot find any factual basis whatsoever for the claims.

There also is no legal basis for the claims. The Proofs of Claim do not adequately meet the definition of a "claim" as defined in 11 U.S.C. §101(5). Furthermore, the Debtors do not meet the legal definition of a "creditor" as set forth in 11 U.S.C. §101(10). The Court can find, nor have the

Debtors cited, any competent legal authority to support their claims that their alleged secured claims should be paid ahead of any legitimate unsecured or secured creditors in this case. Accordingly, the Trustee's Motion to Disallow Claim must be granted.

The Court notes that the record reflects that the Trustee had previously moved to allow these claims. As the motions were unopposed, they were granted. The Court is aware that the Trustee's office will from time to time file such motions in an effort to tidy up the record and close out a case. In light of the Court's ruling on the Trustee's Motion to Disallow Claim, the Court will *sua sponte* set aside the Orders of April 3, 2007 allowing the Kleinhelters' claims.

## **CONCLUSION**

For all of the above reasons, the Motion to Disallow Claim of Trustee William W. Lawrence is **GRANTED**. An Order accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
MICHAEL LEROY KLEINHELTER )
PAMELA FAYE KLEINHELTER ) CASE NO. 06-32407(1)
 )
 Debtor(s) )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Disallow Claims filed by Trustee William W. Lawrence, be and hereby is, **GRANTED**. It is therefore ordered that Claims No. 12, 13, 14 and 15 are disallowed.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                              )
                                                    )
MICHAEL LEROY KLEINHELTER                           )
PAMELA FAYE KLEINHELTER                             )       CASE NO. 06-32407(1)
                                                    )
                        Debtor(s)                   )

## **ORDER**

The Court, *sua sponte*, sets aside the Order of April 3, 2007, allowing the claims of Pamela Kleinhelter and Michael Kleinhelter.